J-S83016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN HERRING, | |
| Appellant | No. 118 WDA 2016 |

Appeal from the Judgment of Sentence November 10, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002672-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 23, 2016**

Appellant, Shawn Herring, appeals from the judgment of sentence entered on November 10, 2015,[1] in the Washington County Court of Common Pleas.  We affirm.

The relevant facts and procedural history of this matter were set forth by the trial court as follows:

> On August 28, 2014, a two-count criminal complaint was filed against [Appellant] for criminal mischief (M-2) and conspiracy to commit criminal mischief - property damage (M-2). 18 Pa.C.S.A. § 3304(a)(5); 18 Pa.C.S.A. § 903(a)(1). The

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1] On December 7, 2015, the trial court entered an amended sentencing order to correct a typographical error.  In the original sentencing order, restitution was set at "$3,2066.78," and the amended sentencing order corrected the error to reflect that restitution was set at "$3,266.78."

affidavit of probable cause alleged that [Appellant] and two other persons approached Kristen Stein's 1998 Toyota Camry and caused damage to it. The damage perpetrated consisted of scratching two key lines along the entire right side of the vehicle, removing both front windshield wipers, breaking two rear taillight lenses, breaking the driver's side view mirror, and flattening both rear tires as well as the left front tire.

[Appellant] pled not guilty and requested a non-jury trial. The trial was held on August 11, 2015 before the undersigned. After hearing all the evidence, including viewing video clips, the trial court concluded that the prosecution proved its case [] beyond a reasonable doubt that [Appellant] committed the alleged crime and that he conspired with two others to do so. The trial court ordered that a pre-sentence investigation report be completed and set November 10, 2015 as the sentencing date. At that date, [Appellant] was sentenced to one year of probation for each charge, which was to run concurrently, and to pay $3,266.78 in restitution to Ms. Stein.

Trial Court Opinion, 12/18/15, at 1. On November 20, 2015, Appellant filed timely post-sentence motions that were denied by the trial court on December 18, 2015. This timely appeal followed.

On appeal, Appellant presents two issues for this Court's consideration:

I. Did the trial court err by finding [Appellant] guilty of criminal mischief and conspiracy when the evidence presented at trial was insufficient to prove [Appellant] committed the alleged crimes beyond a reasonable doubt?

II. Did the trial court err by finding the weight of the evidence presented at trial supported the conviction of [Appellant]?

Appellant's Brief at 7 (full capitalization omitted).

Our standard of review for claims challenging the sufficiency of the evidence is well-settled:

- 2 -

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011)

(citation omitted).

In its opinion, the trial court addressed Appellant's challenge to the sufficiency of the evidence as follows:

A person is guilty of criminal mischief if he or she "intentionally damages real or personal property of another." 18 Pa. C.S.A. § 3304(a)(5). A person is guilty of conspiring to commit a crime if he or she "agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime." 18 Pa. C.S.A. § 903(a)(1). The question before this Court is whether the evidence and associated reasonable inferences, viewed in the light most favorable to the Commonwealth, established the elements of these crimes beyond a reasonable doubt.

The evidence presented at trial established that Ms. Stein (hereinafter referred to as "Stein") lived in the North Gate apartment complex in South Strabane at the time of the

- 3 -

incident. Stein testified that she parked her vehicle in the apartment complex lot during the day on August 11, 2014. On August 12, 2014, at approximately 1 p.m., Stein left her apartment to walk to her car at which time she noticed the aforementioned damage. She immediately called 911 to report the damage caused to her car. Soon thereafter, Officer Drew Hilk of the South Strabane Police Department arrived at the apartment complex to investigate. Stein identified the damage caused to her vehicle for Officer Hilk and during trial. Stein testified that she was certain none of said damage was present the day before.

When Officer Hilk interviewed Stein, he asked her if she could think of any suspects. She provided only [Appellant's] name as a suspect and described [Appellant] to Officer Hilk as a "large individual." The testimony at trial was that [Appellant] weighed over 400 pounds. In addition, Stein described [Appellant's] car to Officer Hilk.

Officer Hilk secured video surveillance of the apartment complex parking lot for the relevant period of time. The surveillance video is black and white and does not provide close-up footage. The video does depict a very light colored sedan with a sun roof matching the description Stein provided to Officer Hilk of [Appellant's] vehicle. Further corroborating the identification, Stein testified that she had seen [Appellant's] car 20 times as of August 12, 2014. Moreover, the sedan was driven through the parking lot and parked at a far end with purpose. Three men got out of the car of which two men appeared to have a normal build or physique. One of the men, however, appeared in the video to have a very large physique; he unmistakably obese. All three men walk directly to Stein's car, ignoring all the other vehicles. Upon arriving at Stein's vehicle, the three men damage it and then swiftly return to the sedan and drive away. Viewing this uncontested evidence, the trial court found the actions of the men to be intentional—clearly, this was not a random act of vandalism.

During the trial, the court recognized the discrepancies in the testimony that [Appellant's] counsel pointed to in his post-sentencing motions—namely, the testimony concerning the exact nature of [Appellant's] relationship to Stein. More specifically, Stein made statements to Officer Hilk at the time of the investigation about her romantic involvement with [Appellant]

that conflicted with her testimony during the trial. While the Court acknowledged these inconsistencies when delivering the verdict, the Court did find that the evidence established some kind of pre-existing relationship between [Appellant] and Stein. Whether the relationship was sexual in nature was not dispositive. The Court's finding of guilt was determined by the fact of a relationship in conjunction with the surveillance video showing single-mindedness, a car matching Stein's uncontested description of [Appellant's] car, and a perpetrator whose distinctive physical size corresponded with that of [Appellant]. In reviewing this evidence now in the light most favorable to the Commonwealth, together with all reasonable inferences, this Court concludes that the trier of fact could have found that each element of criminal mischief and conspiracy to commit the same was established beyond a reasonable doubt. Stated differently, there was sufficient evidence under the combined circumstances to support [the] conviction[s].

Trial Court Opinion, 12/18/15, at 2-4.

We discern no error in the trial court's conclusion. As the trial court noted, when Ms. Stein first spoke to Officer Hilk, she identified Appellant as a possible suspect in the investigation. The court reviewed a video recording that showed three men exit a car outside of Ms. Stein's apartment, and these men proceeded to cause damage to Ms. Stein's vehicle. This video revealed that one of the perpetrators matched Appellant's distinctive physical characteristics. The video also showed that the car in which the perpetrators arrived was similar to the vehicle that Ms. Stein described as belonging to Appellant. Moreover, we conclude that the intricacies of the relationship between Ms. Stein and Appellant are immaterial. Thus, we agree with the trial court that the evidence was sufficient to prove that

Appellant committed the crimes of criminal mischief and conspiracy to commit criminal mischief beyond a reasonable doubt.

Next, Appellant presents a challenge to the weight of the evidence. At the outset, we note that "the weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015). In *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); *Commonwealth v. Brown*, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 560 A.2d at 319-20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 538 Pa. at 435, 648 A.2d at 1189.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* **Brown**, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

**Widmer**, 560 A.2d at 322, 744 A.2d at 753 (quoting **Coker v. S.M. Flickinger Co.**, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

- 7 -

*Clay*, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-880 (Pa. 2008).

In the case at bar, the trial court, sitting as the finder of fact, chose to believe the evidence presented by the Commonwealth, as was its right. The trial court noted that Appellant's argument on this issue is premised on the same contention that Appellant utilized in challenging the sufficiency of the evidence. Trial Court Opinion, 12/18/15, at 4. In its conclusion, the trial court found that there was nothing shocking about the verdict. *Id*.

Based upon our review of the record, we agree with the trial court, which, as the fact-finder, was free to believe all, part, or none of the evidence against Appellant. *Gonzalez*, 109 A.3d at 723. The court weighed the testimonial evidence and the evidence from the surveillance video and found that Appellant perpetrated the crimes in question. This determination is not so contrary to the evidence as to shock one's sense of justice, and this Court will not assume the role of fact-finder and reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to grant relief on Appellant's challenge to the weight of the evidence.

For the reasons set forth above, Appellant is entitled to no relief on either of the issues presented. Therefore, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/23/2016</u>